## Case No. 6,347.

### HEMSTEAD v. COLBURN.

[5 Cranch, C. C. 655.] [1]

Circuit Court, District of Columbia. March Term, 1840.

REPLEVIN—PLEA OF PROPERTY—JUDGMENT—BOND—DAMAGES.

1. In actions of replevin, in all cases where judgment is to be entered up for the defendant, it should be for a return.

2. If, in replevin, upon the plea of property in the defendant, the jury find for the defendant and assess his damages to the value of the goods replevied, the defendant may still maintain an action upon the replevin-bond, and recover damages beyond the value of the goods.

Debt on a replevin-bond, in the penalty of $150.

Mr. Marbury, for plaintiff [Zadock Hemstead], moved the court to order the clerk to extend the judgment in the action of replevin, so as to include a judgment for a return, the verdict having been for the defendant [James Colburn], in the action upon the plea of property, with $81 damages.

After some conversation between the bench and the bar upon the question of practice, THE COURT said, that in all cases where judgment is to be entered up for the defendant in replevin, it should include a judgment for a return of the property; CRANCH, C. J., doubting as to cases of non-pros of the plaintiff after declaration. Gilb. Dist. (Ed. 1757) pp. 231, 232 (Dublin Ed. 1792, p. 167); Bro. Retorn de Avers, pl. 33; Dyer, 280, pl. 14.

Mr. Marbury then offered to read in evidence to the jury the proceedings in the replevin; and the verdict for the defendant in replevin (the present plaintiff) for $81 damages, being the amount of the appraisement of the goods.

Mr. Redin, contra, objected to his reading the appraisement to show that the $81 dam-

ages were given for the value of the goods, and not for general damages for replevying the goods.

THE COURT permitted the appraisement to be read for that purpose.

Mr. Marbury then offered to give evidence of damages over and above the value of the goods replevied; and contended that the jury in replevin cannot give damages for the detention by the replevin, nor for any injury or loss occasioned thereby subsequent to the replevin. These are all covered by the condition of the bond, and can only be recovered by an action upon the bond. Hopewell v. Price, 2 Har. & G. 275.

Mr. Redin, contra. It does not appear for what the damages were given. They did not merely find the value of the goods under the statute, but have given damages for which the defendant in replevin had judgment, and cannot recover damages again upon the bond. If the plaintiff in replevin had become nonsuit the defendant could not have recovered damages against him, but if upon a plea of property the defendant recovers damages, it is conclusive, and no further damages can be recovered upon the bond.

THE COURT (MORSELL, Circuit Judge, contra, and CRANCH, Chief Judge, doubting) permitted Mr. Marbury to give evidence of damages consequent upon the replevin.

Verdict for plaintiff. Damages $150.